## JOHN MCLAUGHLIN *v.* E. GOODCHAUX et al.

Where it is agreed between the proprietor and contractor for the building of a house, that
in case of disagreement between them, the controversy is to be settled by arbitration, and
they do submit their dispute to arbitrators, who render their award before the proprietor
has received notice from workmen and others claiming a privilege for the amounts due
them, not to pay the contractor, those creditors cannot complain of the award, unless they
can show, conclusively, that injustice has been done them.   The creditors can only claim
their privilege upon what is justly due to the contractor under the contract.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J.
*Walker*, for plaintiff.   J. *Meunier*, Z. *Latour*, and *W. O. Denegre*, for
other creditors.   J. *Blodget Britton*, for defendants.   The judgment of the
court ( *Eustis*, C. J., absent,) was pronounced by
SLIDELL, J.   This case presents a controversy between the proprietor of a
house and certain creditors of the contractor, who had supplied materials and
labored therefor.

By the building contract, it was stipulated that the work should be paid for by
installments.   The only difficulty raised by the contractor's creditors, concerns
the settlement of the last installment.   This settlement took place under the
direction of arbitrators, who were appointed by *Haber*, the proprietor, and *Good-
chaux*, the contractor.   In the notarial contract between them, for the erection
of the house, it was agreed, that if any difficulty should arise between them, in
relation to any matter arising from the contract, it should be referred to arbitrators,
and their decision should be final and binding.   The buildings were finished
about the 20th of November.   There was an attempt to show that some bolts
had not been furnished, and that, therefore, the work was not finished.   But a
witness, who was one of the arbitrators, testifies, that these bolts were not com-
prehended in the contract, and such appears to have been the opinion of the

McLAUGHLIN
v.
GOODCHAUX.

other arbitrator, although his testimony on the subject is somewhat confused. The difficulty between the parties was not whether the house was finished; but, whether the quality of the work was as good as it should have been under the contract. These arbitrators considered the subject, made allowances for the defective character of a part of the work, and, accordingly, on the 4th of December, 1850, *Haber* gave his notes, as stipulated by the contract, for the balance of the last installment, after deducting the allowances for the defective character of the work; also, a sum paid in cash to one *Goldsmith*, by *Goodchaux's* direction, and the amount of the bills of four creditors for labor and supplies, namely, *Hill*, *Monseau*, *McLaughlin* and *Gein*. We do not find any sufficient ground to question the good faith of the parties in this submission to arbitration, or the fairness of the award. And we are unable to see why creditors, who had not given any notice prior to this submission to arbitration, should be permitted to disturb it, unless they could, at least, establish conclusively that injustice had been done. If the character of the work was inferior to what the contract called for, *Goodchaux* was bound in law and justice to submit to a fair deduction; and certainly his creditors, under the act of 1844, had no higher rights, in this respect, than he had. The object of the statute of 1844, is to secure to the workmen and others, who take the proper steps, the benefit of what the proprietor may justly owe under the contract, and no more. All that was due under the contract was, in our opinion, fairly settled for and paid by *Haber*, on the 4th of November, 1850, except an amount of eight hundred and fourteen dollars and fifty-five cents, which he retained in his hands, in consequence of the notices by *Hill*, *Monseau*, *McLaughlin* and *Gein*. *Haber* paid *Monseau* his claim on the 5th of December, 1850, and *Gein* his on the 19th of December. The accounts of *Hill* and *McLaughlin* were disputed, and *Haber*, under the terms of the receipt, was not to pay them until a judicial decision. The only creditor, except those named in the reservation of the receipt, who attempted to notify *Haber*, before *Monseau* and *Gein* were paid, is *Maury*. His notice was not served on *Haber* personally, nor at his domicil, but was given to one *Goldsmith*, his partner, at the counting house of *Goldsmith, Haber & Co.* This was not a legal service on *Haber*, adopting the analogy of the rules in case of citation or garnishment; and it is not shown that the notice actually reached *Haber* before he paid *Monseau* and *Gein*.

The only amount which remains unpaid by *Haber*, and subject to distribution among the creditors for materials and labor, is the sum of four hundred and sixty-five dollars and forty-five cents, which is to be divided among them *pro rata*. This amount *Haber* has deposited in court.

It is therefore decreed, that the judgment of the district court be reversed; it is further decreed, that the said *Haber* be discharged from all liability under the building contract, whereof a copy is on file in this cause, and that the sum of four hundred and sixty-five dollars and forty-five cents, deposited by said *Haber* in the court below, be applied, first, to the payment of the costs of this suit, including the costs of this appeal; and, secondly, to the payment of a *pro rata* dividend to the following creditors upon the following sums, to wit: *J. McLaughlin*, two hundred and fifty-nine dollars and eight cents; *Allan Hill*, two hundred and six dollars and fifty-seven cents; *J. A. Blanc* and *Brother*, three hundred and sixty-eight dollars and eighty-four cents; *Newton Richards*, eighty dollars; *Julien Maury*, two hundred and thirteen dollars and seventy-six cents.